ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **WILFREDO HERNÁNDEZ CASIANO**<br><br>Recurrido<br><br>v.<br><br>**ARIZBETH ORTIZ CORDERO y ALEXANDRA HERNÁNDEZ ORTIZ**<br><br>Peticionaria | TA2026CE00102 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.:<br>**ISRF200400499**<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparecen ante este Foro, Arizbeth Ortiz Cordero y Alexandra Hernández Ortiz (en conjunto, parte peticionaria) y solicitan la revisión de dos dictámenes emitidos por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez, el 7 de noviembre de 2025 y 30 de diciembre de 2025, respectivamente. Dichos dictámenes versan sobre ciertos trámites del descubrimiento de prueba dentro de un pleito de revisión de pensión alimentaria.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari* y se revocan parcialmente los pronunciamientos impugnados.

**I.**

Según surge del expediente, el señor Wilfredo Hernández Casiano (señor Hernández Casiano o parte recurrida) y la señora Ortiz Cordero son los progenitores de Alexandra Hernández Ortiz, quien en la actualidad es mayor de edad. Mediante Resolución

emitida por la Administración para el Sustento de Menores (ASUME), el señor Hernández Casiano está obligado al pago de una pensión alimentaria a favor de su hija por la suma de $1,213.47 mensual, más el pago del 52.12% del plan médico.

El 2 de agosto de 2022, la señora Ortiz Cordero solicitó revisión de la pensión alimentaria. El TPI refirió el asunto a la Examinadora de Pensiones Alimentarias (EPA) para el trámite correspondiente.

Tras múltiples incidentes procesales, particularmente con el descubrimiento de prueba sobre los ingresos del señor Hernández Casiano, el 4 de junio de 2024, el foro de instancia emitió una *Resolución y Orden,* por medio de la cual, entre otras cosas, ordenó al señor Hernández Casiano producir todos y cada uno de los estados de las cuentas que aparecían en el informe de crédito.

En desacuerdo, el señor Hernández Casiano solicitó reconsideración. Adujo que cumplió con contestar el interrogatorio y producción de documentos, así como el requerimiento de admisiones que le fue cursado. Sostuvo que el descubrimiento de prueba, aunque mandatorio, no podía ser ilimitado.

El 5 de septiembre de 2024, notificada el 9 de septiembre de 2024, el TPI dictó una *Resolución y Orden* que reconsideró la orden previa, y, en relación con varios incisos del dictamen, limitó el descubrimiento de prueba de los estados de cuenta de las tarjetas de crédito a un término de 24 meses.

Luego de varios trámites, que incluyeron la inhibición de la Jueza que atendía el caso, así como la presentación de un recurso apelativo ante este Tribunal[1], el 15 de noviembre de 2024, la señora Ortiz Cordero incoó una *Urgente Moción Respecto a Incumplimiento del Alimentante con el Descubrimiento de Prueba, Solicitud de Orden*

---

[1] Véase, *Sentencia* emitida el 22 de septiembre de 2023 en el recurso núm. KLCE202300882.

*e Imposición de Severas Sanciones y Otros*. A grandes rasgos, aseveró que el señor Hernández Casiano tenía ingresos mayores a los que reflejaba su planilla. Añadió que la pensión alimentaria final no se había calculado porque éste no cumplía y el Tribunal no ponía en vigor su autoridad para hacerlo cumplir. Asimismo, arguyó que, tanto ella, como su hija, tenían derecho a descubrir toda la situación financiera del alimentante con 36 meses anteriores a la fecha de la solicitud de pensión, entiéndase; gastos, ingresos, estilo de vida y expensas de sus otros dos hijos menores de edad que incluyó como dependientes en sus planillas, conforme la Ley de ASUME y el Reglamento aplicable. Ello, por ser el término que la EPA tenía que utilizar para realizar los cómputos y promedios de ingresos y gastos. Precisó que el señor Hernández Casiano no había cumplido con la producción de todos los documentos solicitados.

En respuesta a lo anterior, el 3 de diciembre de 2024, el foro de instancia emitió la siguiente orden:

> [...]
>
> Este Tribunal entra en el presente caso en un momento crítico que requiere que las partes y los funcionarios del Tribunal cumplan con las órdenes emitidas para dar fin o culminación al descubrimiento de prueba.
>
> Se observa que el presente caso fue presentado: el 2 de agosto de 2022. Del expediente físico e historial procesal del caso, le es sumamente claro al Tribunal que la parte peticionaria no desea entrar en una estipulación con la parte peticionada, por lo que se hace imperante que ambas partes culminen el descubrimiento de prueba.
>
> Se ordena a la parte peticionaria que someta los proyectos de órdenes por separado de cada institución bancaria y donde se detalle aquella información que no se ha descubierto a los fines de autorizar las órdenes.
>
> Se ordena a la parte demandante-peticionada que en el término de diez (10) días realice un listado organizado de aquella prueba no descubierta por la parte demandada peticionaria. El término de diez (10) días es final e improrrogable y la misma puede ser presentada por cualquiera de los abogados que representa al demandante-peticionado. En ese mismo término de diez (10) la parte demandante- peticionado deberá producir y entregar toda la información de gastos de sus otros hijos, que incluyó como dependientes en su Planilla de

Contribución sobre Ingresos de los años 2019-2022, con particular atención al pago de estudios.

Ante el incumplimiento parcial de la orden para descubrir prueba, se le impone al demandante-peticionado sanciones económicas por la cantidad de mil ($1,000.00) dólares pagaderos en treinta (30) días en la Unidad de Cuentas del Centro Judicial de Mayagüez.

Se le impone, además al demandante-peticionado mil ($1,000.00) dólares por concepto de honorarios de abogado pagaderos en quince (15) días.

…

El Tribunal apercibe que impondrá sanciones económicas severas por incumplimiento de las órdenes a cualquiera de las partes, de ser necesario.

Inconforme con la determinación del TPI, el señor Hernández Casiano solicitó su reconsideración. Resaltó que procedía dejar sin efecto el dictamen del 3 de diciembre de 2024, en cuanto a los gastos de los otros hijos menores de edad incluidos como dependientes en las planillas, toda vez que dicho asunto fue resuelto de manera final y firme mediante resolución del 5 de septiembre de 2024. Además, solicitó que se dejaran sin efecto las sanciones impuestas. Acaecidos varios procedimientos adicionales, el 17 de septiembre de 2025 se celebró una vista de seguimiento.

El 7 de noviembre de 2025, enmendada *Nun Pro Tunc* el 24 de noviembre de 2025, el TPI emitió una *Resolución,* a través de la cual resolvió múltiples controversias.

En lo que atañe al descubrimiento de prueba de los estados de cuentas sobre tarjetas de crédito, el foro de instancia determinó que no pudo identificar disposición legal que estableciera, de manera expresa o por analogía, la obligación de la EPA de prorratear en 36 meses las deudas provenientes de tarjetas de crédito del alimentante. Así, concluyó que la señora Ortiz Cordero no pudo establecer que la resolución del TPI del 5 de septiembre de 2024 violentara la disposición legal aludida por ésta. Añadió que, permitir el descubrimiento de prueba sobre gastos de tarjetas de crédito a 24 meses resultaba razonable y garantizaba el acceso suficiente a la

información, en armonía con los principios básicos de las Reglas de Procedimiento Civil. Por tanto, concedió cinco (5) días finales e improrrogables al señor Hernández Casiano para acreditar el cumplimiento con lo ordenado.

De otra parte, sobre los gastos de los otros dos menores hijos del señor Hernández Casiano, el TPI razonó que se descubrió la prueba documental disponible sobre éstos. En relación con la orden de descubrir todos los gastos de los menores, declaró *Ha Lugar* el petitorio de reconsideración instado el 19 de diciembre de 2024 por el señor Hernández Casiano y dio por terminado el descubrimiento de prueba a través de los estados de cuentas, bancarios y lo informado en la PIPE debidamente juramentado.

Además, el TPI dictaminó que el señor Hernández Casiano no había cumplido con descubrir la prueba sobre los gastos concretos de colegio de sus otros hijos menores y no fueron provistos en la PIPE. Por tanto, ordenó el cumplimiento en el término final de cinco (5) días. Por último, el foro *a quo* concluyó que el señor Hernández Casiano no fue responsivo en asuntos que eran de fácil contestación con un mínimo de diligencia. Concedió cinco (5) días para enmendar las contestaciones a algunas preguntas del interrogatorio que le fueron cursadas. En cuanto a las sanciones económicas aplicadas al señor Hernández Casiano, redujo a $500.00 la dirigida a la Unidad de Cuentas y también a $500.00 la impuesta por concepto de honorarios de abogado.

A su vez, el foro primario apercibió a las partes lo siguiente:

[...]

[T]odo lo aquí resuelto representan soluciones y/o aclaraciones a asuntos en reconsideración o a controversias previamente resueltas, en algunos casos, resueltas en varias ocasiones, por jueces anteriores que atendieron la sala. Siendo ese el caso la presente Resolución no es una solución inicial a ninguna de las controversias planteadas por lo cual, debe interpretarse la misma como una determinación en reconsideración. Así las cosas, las partes deberán atenerse a lo aquí

resuelto, so pena de que se le impongan sanciones económicas, sin menoscabo de los procedimientos de revisión judicial.

Insatisfechas, Ortiz Cordero y Hernández Ortiz presentaron una *Solicitud de Reconsideración y Aclaratoria de Hechos Procesales y Sustantivos*. Esencialmente, reiteraron sus alegaciones previas y argumentaron que procedía que el señor Hernández Casiano produjera toda la información y documentación requerida correspondiente a su situación económica (incluyendo, pero sin limitarse a estados bancarios de cuentas de crédito o préstamos, así como cuentas de débito), a partir de que se solicitó la pensión alimentaria (2 de agosto de 2022 hasta el 2 de abril de 2025). Lo anterior, para que la EPA contara con la prueba necesaria para imputarle sus verdaderos ingresos a base de sus gastos y estilo de vida, conforme los precedentes de nuestro Tribunal Supremo.

Llegado a este punto, el 30 de diciembre de 2025, el TPI dictó una *Resolución*, mediante la cual declaró *No Ha Lugar* los planteamientos incluidos en la solicitud de reconsideración instada por Ortiz Cordero y Hernández Ortiz.

Aun en desacuerdo, Ortiz Cordero y Hernández Ortiz comparecen ante este Tribunal en recurso de *Certiorari* y en su escrito alegan que el TPI cometió los siguientes errores:

1. Erró el TPI, Hon. Juez Roberto Francis Cuerda Pérez, en su Resolución del 7 de noviembre de 2025 y posterior Resolución del 30 de diciembre de 2025, al limitar la producción de documentos de estados bancarios a las cuentas de crédito o deudas, al NO incluir las cuentas de débito o activos y limitarlo a los últimos 24 meses a pesar de que la pensión alimentaria final que debe fijarse corresponde a un periodo de 32 meses y fundamentando la misma en que era conforme a la Resolución del TPI dictada el 5 de septiembre de 2024 por juez distinta.

2. Erró el TPI, Hon. Juez Roberto Francis Cuerda Pérez, en su Resolución del 7 de noviembre de 2025 y posterior Resolución del 30 de diciembre de 2025 al NO permitirnos descubrir los estados bancarios de las cuentas de débito o activos correspondientes a los 32 meses que se imputará la pensión final y al no ordenarle al Recurrido que produjera sus planillas

de contribución sobre ingresos del 2023 y 2024 así como una actualización de certificación patronal respecto a su empleo incluyendo talonarios de pago hasta el 2 de abril de 2025 fecha en que la Alimentista advino a la mayoría de edad.

El 27 de enero de 2026, Ortiz Cordero y Hernández Ortiz instaron una moción en auxilio de jurisdicción, con el objetivo de que ordenáramos la paralización de los procedimientos ante el TPI y de la suspensión de la vista evidenciaria pautada para el 28 de enero de 2026, mientras atendíamos los méritos del recurso. El 28 de enero de 2026, emitimos *Resolución* y declaramos *Ha Lugar* la solicitud de paralización.

Por igual, este Tribunal concedió 15 días al señor Hernández Casiano para presentar su alegato. Este hizo lo propio oportunamente y, además, solicitó la desestimación del recurso de epígrafe por falta de jurisdicción. Entiende que este se presentó fuera del término de 30 días para recurrir ante este Foro.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

---

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

Sabido es que los casos relacionados con los alimentos de los menores están revestidos del más alto interés público y que en estos el norte es el bienestar del menor. *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 535 (2009); *Argüello v. Argüello*, 155 DPR 62 (2001); *Figueroa Robledo v. Rivera Rosa*, 149 DPR 565, 572 (1999). La Constitución de Puerto Rico[3] establece que la obligación de los padres de alimentar a sus hijos menores de edad es parte del derecho a la vida. *De León Ramos v. Navarro Acevedo*, 195 DPR 157 (2016).

El Código Civil de Puerto Rico[4] regula los derechos que cobijan a los menores, entre ellos el derecho de alimentos. El Artículo 653 de dicho cuerpo legal también define el término alimentos. Dispone dicho artículo:

> Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.
> Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de

---

[3] Art. II, Sec. 7, Const. ELA, LPRA, Tomo I.
[4] Código Civil de Puerto Rico, Ley Núm. 55-2020, según enmendada.

previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.

31 LPRA sec. 7531.

En el ámbito de los procedimientos legales para la imposición, revisión o modificación de una pensión alimentaria, la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501-529 (a), le exige al juzgador computar la misma mediante las *Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico.*[5]

La obligación de alimentar al menor es inherente a la maternidad y a la paternidad, por lo que recae sobre los obligados desde el momento en el que la relación filial queda establecida legalmente, independientemente de las fuentes de las cuales emana la obligación de alimentar. *Díaz Rodríguez v. García Neris*, *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717-718 (2022) (citas omitidas); *Santiago, Maisonet v. Maisonet Correa*, 187 DPR 550, 559 (2012).

La *Ley Orgánica de la Administración para el Sustento de Menores* y las *Guías Mandatorias* fomentan la uniformidad del principio de proporcionalidad. Al respecto, nuestro Tribunal Supremo expresó en *Díaz Rodríguez v. García Neris*, supra, pág. 719:

> A través de un descubrimiento de prueba amplio y compulsorio sobre la situación económica de las partes, las Guías permiten establecer de manera uniforme y equitativa la aportación monetaria de cada parte mediante criterios numéricos y descriptivos que toman en consideración los ingresos de los obligados y las necesidades de los menores. *De León Ramos v. Navarro Acevedo*, supra, pág. 170, *Santiago, Maisonet v. Maisonet Correa*, supra, pág. 564.

**C.**

---

[5] Las Guías Mandatorias fueron emitidas de conformidad con el Artículo 19 de la *Ley Orgánica de la Administración para el Sustento de Menores*.

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. Este tiene como finalidad ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que va a ser utilizada en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada a su causa. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que este mecanismo se caracteriza por ser de alcance amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672-673 (2021); *Berríos Falcón v. Torres Merced*, supra. Ahora bien, al descubrimiento de prueba le son oponibles dos (2) limitaciones: (1) pertinencia y (2) privilegio. *McNeil Healthcare v. Mun. Las Piedras II*, supra; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898–899 (2017). La pertinencia se debe interpretar de manera amplia.[6] Por su parte, materia privilegiada se refiere a aquella que se encuentra dentro del alcance de alguno de los privilegios reconocidos en las Reglas de Evidencia. *McNeil Healthcare v. Mun. Las Piedras II*, supra.

De otra parte, es menester apuntalar que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que, en la etapa del descubrimiento de prueba,

---

[6] Prueba pertinente es la que produzca o pueda producir, entre otras: [...] (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 674.

también intervengan y encaucen el mismo, toda vez que con ello se garantiza un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, con la cual los foros apelativos no deben intervenir, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.,* supra, pág. 745.

### III.

Debido a que la controversia bajo nuestra consideración versa sobre un asunto de alimentos, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* al palio de la Regla 52.1 de Procedimiento Civil, *supra.* Por estar estrechamente relacionados los dos (2) errores levantados por la parte peticionaria, procedemos a discutirlos en conjunto. Estos versan sobre el descubrimiento de prueba y el manejo del caso por parte del Tribunal.

En su recurso, la parte peticionaria alega que la determinación del Tribunal la imposibilita de descubrir prueba, tanto por el periodo de 32 meses que debe imputarse la pensión alimentaria, como de información y documentación que evidenciaría que a la parte recurrida se le deben atribuir ingresos mayores a los que reportó bajo juramento en su PIPE. Esboza que el foro de instancia ignoró las leyes especiales de pensiones alimentarias y jurisprudencia aplicables en casos de imputación de ingresos a base de gastos y estilo de vida. Particulariza que se le cerró la oportunidad de descubrir estados de cuenta de activos y/o débito y obtener actualización de los 32 meses que compete la pensión alimentaria final del resto de la información financiera, incluyendo: planillas de

la parte recurrida, certificación patronal actualizada y talonarios de pago. Por ende, nos invita a revocar los pronunciamientos impugnados.

De otro lado, la parte recurrida arguye que el descubrimiento de prueba no puede ser ilimitado, opresivo y oneroso. Añade que la parte peticionaria ha solicitado documentos impertinentes de manera irrazonable y que ya se le proveyó suficiente evidencia de sus ingresos. Razona que ésta tendrá su día en corte para probar y sostener sus alegaciones.

Aunque las decisiones objetadas atienden asuntos de manejo de caso que descansan en la sana discreción del Tribunal, el marco fáctico presentado, junto a la complejidad y extensión de los procesos, ameritan nuestra intervención. Además, la etapa de los procedimientos en la que se presenta el caso es la más propicia para su consideración.

Ponderado el expediente y las alegaciones de ambas partes, y con el objetivo de culminar el descubrimiento de prueba y poder celebrar la vista ante la EPA lo más pronto posible, resulta razonable que la parte recurrida descubra **toda** la situación económica solicitada. Solo así la EPA logrará realizar los cálculos correspondientes de manera informada y podrá establecer la pensión alimentaria final.

Nótese que, en casos como el de autos, el foro *a quo* debe escudriñar la verdadera situación económica de la parte recurrida, de forma que esté convencida que éste no intenta evadir su responsabilidad alimentaria. La información solicitada por la parte peticionaria es pertinente y no privilegiada. Así, procede que el TPI conceda un término perentorio a la parte recurrida para cumplir con las órdenes de producción y entrega de toda la información que aún está pendiente. Entiéndase, estados de cuenta de crédito o préstamos y cuentas de débito desde el 2 de agosto de 2022 hasta

el 2 de abril de 2025 (fecha en que Hernández Ortiz advino a la mayoría de edad); copia de las planillas del 2023 y 2024; certificación patronal de ingresos actualizada y talonarios de pago. Además, es imprescindible que el Tribunal ejerza un rol activo y definitivo en este asunto para que no se continúen entorpeciendo los procedimientos y se facilite la búsqueda de la verdad.

**IV.**

Ante las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, se expide el auto de *certiorari* y se revocan parcialmente las resoluciones dictadas el 7 de noviembre de 2025, enmendada *nunc pro tunc* el 24 de noviembre de 2025 y el 30 de diciembre de 2025. Lo anterior, solo en cuanto a los asuntos de documentos que no ha producido la parte recurrida; el límite del periodo al que la parte peticionaria tiene derecho a descubrir y los gastos de los otros hijos menores de la parte recurrida.

En consecuencia, la parte recurrida deberá producir los estados de cuenta de crédito o préstamos y cuentas de débito desde el 2 de agosto de 2022 hasta el 2 de abril de 2025; copia de las planillas del 2023 y 2024; certificación patronal de ingresos actualizada y talonarios de pago. Se mantiene vigente aquello sobre el proyecto de orden al Colegio de los menores y lo relacionado a ciertas contestaciones al interrogatorio, así como las sanciones económicas impuestas a la parte recurrida.

Se devuelve el caso al TPI para la continuación de los procedimientos, conforme lo aquí resuelto. De otro lado, se declara *No Ha Lugar* la solicitud de desestimación instada por la parte recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones